**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WANDA DONES** | ) | **Case Number** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL COMPLAINT** |
| | ) | |
| **FOCUS RECEIVABLES** | ) | |
| **MANAGEMENT, LLC** | ) | **JURY TRIAL DEMANDED** |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Wanda Dones by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

## I.      INTRODUCTORY STATEMENT

1.      Plaintiff, Wanda Dones, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.      <u>JURISDICTION</u>

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Plaintiff's reside here and Defendant transacts business in the Commonwealth of Pennsylvania.

## III.      <u>PARTIES</u>

4.      Plaintiff, Wanda Dones is an adult natural person residing at 4645 Pennypack Street, Philadelphia, PA 19136.

5.      Defendant, Focus Receivables Management, LLC ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with an office address at 1130 Northchase Parkway, Suite 150, Marietta, GA 30067.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7.      In or around December, 2008, Plaintiff began to receive telephone calls from Defendant about an alleged consumer debt, namely a Bank of America credit card.

8.      Plaintiff explained to Defendant's agents numerous times that she was on a payment plan with Bank of America.

9.      Plaintiff asked Defendant's agents to please stop contacting her.

10.      Defendant's agents called Plaintiff three to four times per day, both at home and her place of employment.

11.      Plaintiff explained repeatedly that she was not allowed receive calls of a personal nature at work.  Plaintiff also stated to Defendant's agents that it was an embarrassment to her because she had to be paged over a public announcement system to pick up the calls.

12.      Defendant's agents continued to call her place of employment.

13.      Defendant's female agent, name unknown, called Plaintiff at her place of employment in February 2009 and demanded to speak with Plaintiff's supervisor or the Human Resources Department.

14.      Plaintiff asked why Defendant's agent needed to speak with her supervisor or HR Department.

15.      Defendant's agent demanded that Plaintiff pay the alleged debt immediately or it would be "taken to the next step".

16.      Defendant cannot legally garnish Plaintiff's wages.

17.      Plaintiff has never received anything in writing about the alleged debt.

18.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

19.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

20.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

22.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, invasion of privacy, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT ONE - FDCPA

24.     The above paragraphs are hereby incorporated herein by reference.

25.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

26.     The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of 15 U.S.C. § 1692c(a)(1), c(a)(3), d, d(5), d(6), e, e(2), e(4), e(5), e(7), e(10), e(11), f and g

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Focus Receivables Management, LLC for the following:

a.     Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act.

b.     Actual damages;

c.     Statutory damages pursuant to 15 U.S.C. § 1692k;

d.     Reasonable attorney's fees and litigation expenses, plus costs of suit;

e.     Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT TWO – PA FCEUA

27.     Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

28.     The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("PA FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("PA UTPCPL").  Defendant is a debt collector pursuant to the PA FCEUA.

29.     The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

30.     The PA FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

31.     The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

32.     Violations of the FDCPA is a per se violation of the PA FCEUA and the PA UTPCPL.

33.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

34.     By virtue of the violations of the law as aforesaid, and pursuant to the PA FCEUA and PA UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Orders the following relief:

a.      Actual damages;

b.      Treble damages;

c.      An award of reasonable attorneys fees and expenses and costs of court; and

d.      Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT THREE – PA UTPCPL

35.      The foregoing paragraphs are incorporated herein by reference.

36.      Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

37.      The PA UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

38.      The actions of Defendant, as aforesaid, constitutes unfair acts or practices under the PA UTPCPL, by way of the following, inter alia:

a.      Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.      Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.      Defendant failed to comply with the FDCPA and PA FCEUA which are per se violations of the PA UTPCPL.

39.     As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

40.     By virtue of the violations of law aforesaid and pursuant to the PA UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Orders the following relief:

a.     An Order declaring that Defendant violated the UTPCPL;

b.     Actual damages;

c.     Treble damages;

d.     An award of reasonable attorney's fees and expenses and cost of suit; and

e.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT FOUR – NEGLIGENCE

41.     Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

42.     Defendant was negligent in that it failed to bring the actions of its agents into compliance with State and Federal law even after being told by the Plaintiff that its agent's communications with her at her place of employment were prohibited and thus, in violation of those laws.

43.    As a result of Defendant's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages set forth herein.

44.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such further relief, as may be permitted by law.

## COUNT FIVE – INVASION OF PRIVACY/FALSE LIGHT

45.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46.    Defendant's above actions violated Plaintiff's right of privacy by impermissibly revealing to others Plaintiff's most private information by repeatedly calling Plaintiff's place of employment and announcing they were a debt collector and placing the Plaintiff in a false light before the eyes of others, including but not limited to co-workers, friends and the general public.

47.    By such unauthorized invasion and circulation of Plaintiff's name, information and financial issues, Defendant invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among co-worker, friends, neighbors and business associates, destroyed Plaintiff's peace of mind and caused Plaintiff severe mental and emotional distress.

48.     The conduct of Defendant was the direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.


## IV.     **JURY DEMAND**


Plaintiff hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  August 7, 2009**          **BY: /s/ Bruce K. Warren**
Bruce K. Warren, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff